IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON K. RICHMOND                                                                    PLAINTIFF

v.                                         CIVIL NO. 5:16-CV-5138

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                                        DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Sharon K. Richmond, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on September 12, 2013, alleging an inability to work since March 8, 2012, due to spinal fractures and other injuries from a motor vehicle accident. (Doc. 10, pp. 62, 74). An administrative hearing was held on November 19, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 10, pp. 32-60).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

In a written opinion dated February 23, 2015, the ALJ found that the Plaintiff had severe impairments of degenerative disc/joint disease of the lumbar spine, depression, and anxiety. (Doc. 10, p. 20). After reviewing the evidence in its entirety, the ALJ determined that the Plaintiff's impairments did not meet or equal the level of severity of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). (Doc. 10, pp. 20-22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except she is limited to occasional climbing, stooping, kneeling, crouching, and crawling, and is limited to jobs with simple tasks and simple instructions. (Doc. 10, pp. 22-26). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform her past relevant work, she could perform work as a merchandise marker, a photocopy machine operator, and an office helper. (Doc. 10, pp. 27-28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied her request on April 15, 2016. (Doc. 10, pp. 4-7). Subsequently, Plaintiff filed this action on June 14, 2016. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have submitted briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the transcript in its entirety. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

2

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III.  Discussion:

Plaintiff makes the following arguments on appeal:  1) the ALJ erred in failing to fully and fairly develop the medical record; 2) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) the ALJ erred in his analysis and credibility findings in regard to the Plaintiff's subjective allegations of pain; and 4) the ALJ erred in finding that Plaintiff retains the RFC to perform a limited range of light work. [2]  (Doc. 13, pp. 3-10).

#### A.  **Full and Fair Development of the Record:**

Plaintiff argues that the ALJ erred in failing to fully develop the record in that he failed to order a Physical RFC, a Psychiatric Review Technique, a Mental RFC, a general physical examination, or a psychiatric evaluation of Plaintiff to properly ascertain the extent and limiting effects of her physical and mental impairments.  The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.

4

due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of physical RFC assessments and psychiatric review techniques completed by non-examining medical consultants; a mental diagnostic examination by an examining physician; and Plaintiff's medical records, which included an initial assessment at Dayspring Behavioral Health, clinic notes from St. Francis House of Northwest Arkansas Community Clinic, clinic notes from her pain management specialists, clinic notes from Northwest Arkansas Neurosurgery Clinic, and Plaintiff's imaging results.  Moreover, the medical evidence showed that Plaintiff did not undergo the Functional Capacity Evaluation recommended by neurosurgeon, Dr. Barry Katz, in February of 2012 (when Dr. Katz opined that Plaintiff had reached maximum medical improvement). Furthermore, Plaintiff failed to submit additional evidence of a consultative examination either at the November 19, 2014, hearing before the ALJ or at the Appeals Council phase of the case.  After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### B.    Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of her impairments in combination.  The ALJ stated that in determining Plaintiff's RFC prior to the expiration of her insured status, he considered "all of the claimant's impairments, including impairments that are not severe."  (Doc. 10, p. 19).  The ALJ further found that Plaintiff did not have an

5

impairment or combination of impairments that met or medically equaled one of the listed impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 20). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that during the time period in question, Plaintiff was able to take care of her personal needs within limits. (Doc. 10, pp. 197-198). Specifically, she was able to shower on her own with the use of a shower chair for assistance; she was able to wash her hair; she was able to dress herself; and she was able to feed herself without any problem. (Doc. 10, pp. 197-198). Plaintiff stated in her Function Report dated October 17, 2013, that she was able to care for her pets by feeding and walking them, prepare simple meals, do laundry with assistance,

6

drive a car, ride in a car, go out alone, and shop in stores for groceries and necessities. (Doc. 10, pp. 198-200). Plaintiff also reported that she was able to pay bills, count change, handle a savings account, and use a checkbook or money order. (Doc. 10, p. 200). Plaintiff's hobbies included reading and "light" fishing, and she reported spending time with others. (Doc. 10, p. 201). Plaintiff stated in her Function Report that she regularly went to the store, to her doctors' offices, to a friend's house, and to the food bank, all without the need for anyone to accompany her. (Doc. 10, p. 201). Moreover, medical records revealed that Plaintiff was a care-giver for her terminally ill father as well as her grandchildren. (Doc. 10, pp. 246, 248, 292). This level of activity belies Plaintiff's complaints of pain and limitation, and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television and driving—were inconsistent with claim of total disability).

While Plaintiff testified at the hearing before the ALJ on November 19, 2014, that she experienced numbness and the sensation of having pins and needles in her feet, and she had chronic pain in her lower back, knee and leg, the record revealed that Plaintiff was treated conservatively for these symptoms. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Plaintiff's neurosurgeon, Dr. Barry Katz, counseled Plaintiff on more than one occasion of her options to continue with conservative treatment or elect to have surgery, and Plaintiff elected to continue with conservative treatment. (Doc. 10,

7

pp. 274, 286).  See Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988) ("A failure to seek aggressive treatment is not suggestive of disabling back pain.").

With respect to Plaintiff's alleged mental impairments, the medical records showed that she complained of depression and anxiety and was treated conservatively with medication for those conditions.  Medical records also revealed that Plaintiff had not undergone inpatient mental health treatment, but was seen at the St. Francis House of Northwest Arkansas Community Clinic for complaints of depression and/or anxiety.

To the extent Plaintiff alleges she was unable to seek treatment for her physical or mental conditions due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds.  Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).  The Court also notes that Plaintiff's medical records indicated that from November of 2011, until July of 2014, Plaintiff was able to support her smoking habit, while being counseled on tobacco cessation.  (Doc. 10, pp. 238, 241, 244, 251, 255, 257, 261-262, 265, 280, 284, 289, 331, 339).

While it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the relevant time period.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

D. **The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. See 20 C.F.R. § 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. See 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. See Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations during the time period in question. The Court notes that in determining Plaintiff's RFC, the ALJ addressed the medical opinions of examining and non-examining medical professionals and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.") (citations omitted); Prosch v. Apfel, 201 F.3d 1010, 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on a review of the evidence of record, the Court finds substantial evidence to support the ALJ's RFC determination.

9

### E. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a merchandise marker, a photocopy machine operator, or an office helper. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 24th day of July, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE